IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-cv-00543-RPM-KMT

JILES THERON BENNETT,

 Plaintiff,

vs.

OFFICE OF EL PASO COUNTY SHERIFF;
EL PASO COUNTY SHERIFF TERRY MAKETA,
individually and in his capacity of Sheriff of El Paso County; and
EL PASO COUNTY SHERIFF'S DEPUTY JEROME MERCADO-VARGAS,
individually and in his capacity of Deputy Sheriff for El Paso County,

 Defendants.
_____

**STIPULATION AND PROTECTIVE ORDER**
_____

  The parties hereto stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and as grounds therefor state as follows:

  1. In this action, much of the evidence consists of confidential information contained in personnel and internal investigation files compiled by the El Paso County Sheriff's Office and of Plaintiff's confidential medical and counseling records. The parties anticipate seeking additional confidential information during discovery and that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in injury to the business and privacy interests of one or more of the parties. In order to protect the confidentiality of this information, the parties have entered into this stipulation

and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2. "Confidential Information" means any documents produced from El Paso County personnel and/or internal affairs investigations files and any medical or counseling records of Plaintiff, as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3. Information designated as CONFIDENTIAL shall first be reviewed by a lawyer, and the designation of information as CONFIDENTIAL must be based on a good-faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. Confidential information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by Order of the Court or as may otherwise be authorized or required by law.

5. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c) the parties, including the parties' employees, officers, insurers, and directors actively participating in the litigation of this case;

(d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g) other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order. All such original affidavits shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. When Confidential Information is produced, disclosed, or otherwise provided by a party, it will be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on each and every page of any document produced, in a manner that will not interfere with the legibility of the document or response, or by imprinting the word CONFIDENTIAL next to any response to discovery which contains Confidential Information. The marking shall not be obtrusive or distracting to the eye, but placed only to give notice of the document's status.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information at any time after the issue may be recognized or a basis to contest the designation arises. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice

is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If a party elects to destroy CONFIDENTIAL documents, the destroying party or counsel shall provide all other parties with a written statement confirming the destruction upon written request.

However, any party may retain in its file, on a confidential basis, any records reasonably related to the case in order to meet any record keeping requirement for ethical, tax, or any other legitimate purpose. Such agreement is made specifically with the understanding that all such confidential information will remain subject to this Protective Order as stated in paragraph 10 above.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this 13th day of January, 2009.

BY THE COURT:

s/Richard P. Matsch

_____

**STIPULATED AND AGREED TO BY:**


s/Richard Tegtmeier (original signature on file)
Richard Tegtmeier, Esq.
Richard F. Bednarski, Esq.
TEGTMEIER BEDNARSKI LAW FIRM, LLC
104 South Cascade Avenue, Suite 200
Colorado Springs, CO 80903
*Attorneys for Plaintiff*


**STIPULATED AND AGREED TO BY:**


s/ Jessica Muzzio
Gordon L. Vaughan
Jessica Kyle Muzzio
VAUGHAN & DEMURO
111 South Tejon, Suite 410
Colorado Springs, Colorado 80903
*Attorneys for Defendants*

# ATTACHMENT A
# AFFIDAVIT

STATE OF _____ )
                                  ) ss.
COUNTY OF _____ )

I, _____, do swear or affirm and state under penalty of perjury that:

       1. I have read the Protective Order entered in *Bennett v. Office of El Paso County Sheriff, et al.,* in the United States District Court for the District of Colorado, Case No.08-cv-00543-RPM-KMT, a copy of which is attached to this Affidavit.

       2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

       3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

       4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

       5. I will abide by the terms of the Protective Order.

                                                                      _____
                                                                      (Signature)

                                                                      _____
                                                                      (Print or Type Name)

SUBSCRIBED AND SWORN to before me this _____ day of _____, 200___ by _____.

WITNESS my hand and official seal.

                                                                      _____
                                                                      Notary Public

[SEAL]                                                                   _____
                                                                      My Commission Expires: